Egan Jr., J.
(concurring). Supreme Court found that respondent Commission on Public Integrity’s power to issue the subject subpoena ended upon the issuance of the notice of reasonable cause (hereinafter NORC). That conclusion was premised upon the theory that the Commission’s power to issue subpoenas in general is limited to the investigatory phase of a particular proceeding, which, according to Supreme Court, terminates upon the issuance of a NORC. I agree that there is no defining moment—either upon the issuance of a NORC or otherwise—when the Commission’s investigatory phase ends. Rather, the issuance of a NORC constitutes a determination by the Commission that reasonable cause exists to believe that an ethics violation has been committed by a state employee. That determination is akin to, say, a prosecutor obtaining an indictment from a grand jury and is nothing more than an allega *1213 tion—the truth of which will be determined at a later hearing at which both sides may present their respective cases. As with any criminal or civil matter, the filing of a charge (in this case, the NORC) does not preclude either side from continuing their respective investigations—a practice that is desirable because a party may discover new evidence, even on the eve of a hearing, that nonetheless is admissible because it aids in ascertaining the truth. Moreover, as the majority points out, there is nothing in the Executive Law or the accompanying regulations that indicates that the Commission’s power to issue subpoenas ends upon the issuance of a NORC. Again, as in any other litigation matter, witnesses may be reluctant or even unwilling to voluntarily appear before the Commission, and all parties—including the Commission and the affected state employee(s)—retain the right to seek a subpoena to compel such testimony.
Ironically, the subpoena in question purports to compel petitioner to appear and testify at “a hearing before the . . . Commission ... on the 25th day of May, 2011.” We know from the record before us that there was no hearing scheduled for May 25, 2011—or any other date for that matter. Indeed, the parties expressly litigated the issue of the selection of a hearing date in this proceeding—with petitioner urging Supreme Court to issue an order directing the hearing to commence on June 8, 2011 and the Commission asserting that, while it would set a reasonable hearing date as soon as possible, the actual selection of a date was within its discretion.* While I am of the view that the subpoena is procedurally defective because it purports to compel attendance at a hearing that never existed in the first place, petitioner, as so limited by his brief, now argues that the only issue on this appeal is whether the Commission may compel a post-NORC sworn investigative interview by way of a subpoena. On this narrow issue, I agree with the majority’s analysis of the Commission’s subpoena power and, therefore, concur.

 Supreme Court agreed with respondents and dismissed the petition. Petitioner appealed but thereafter elected not to pursue his cross appeal.